UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEOFFERY ACLOUD SCOTT<br><br>Defendant. | Case No. 3:19-cr-00413-DCN<br><br>**REPORT AND RECOMMENDATION** |

On September 10, 2021, Defendant GEOFFERY ACLOUD SCOTT appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 112). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Prior to Defendant's arraignment on January 2, 2020, the Government moved for detention. (Dkt. 7.) An Order of Temporary Detention was initially entered. (Dkt. 15.) The Court later granted Defendant's motion for temporary furlough to allow him to participate in a comprehensive substance abuse evaluation for a substance abuse treatment program. (Dkt. 19, 20, 21.) On February 28, 2020, the Court entered an order setting conditions of release to allow Defendant to participate in inpatient substance abuse treatment. (Dkt. 40, 41.) On June 26, 2020, the Court entered a second order setting conditions of release relevant to Defendant's release following his completion of inpatient treatment. (Dkt. 60, 61, 62.)

On July 8, 2021, A Petition on Pretrial Release was filed alleging Defendant violated certain conditions of his pretrial release relating to the testing and use of controlled substance. (Dkt. 101.) Defendant waived his right to detention and an Order of Detention was entered on August 20, 2021. (Dkt. 110.)

**REPORT AND RECOMMENDATION - 2**

The Plea Agreement filed on September 7, 2021, indicates the Government will recommend a sentence of time served and supervised release for a term to be argued by the parties, provided that Defendant immediately enter drug treatment. (Dkt. 112.) At the time of the plea hearing, the Government stated that it does not oppose Defendant's release pending sentencing to allow Defendant to begin inpatient treatment immediately. The Government further indicated that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

As proffered by Defendant's counsel at the hearing, Defendant has been accepted to an inpatient treatment program at a facility in Spokane, Washington. Defendant is approved for up to 100 days of inpatient treatment, commencing on September 14, 2021. The Pretrial Services Officer has advised the Court that probation has no objection to Defendant's release pending sentencing, subject to certain conditions.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption to Defendant's substance abuse treatment that would occur with detention pending imposition of sentence, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends Defendant be released pending sentencing. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentence would not be appropriate. The Court further finds that release is appropriate in this matter under 18 U.S.C. § 3143(a)(2)(A)(ii), based on the Government's recommendation of a sentence of time served and the Court's

findings that the Defendant is not likely to flee or pose a danger to any other person or the community.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)     The District Court accept Defendant Geoffery Acloud Scott's plea of guilty to Count 1 of the Indictment (Dkt. 1).

2)     The District Court order forfeiture consistent with Defendant Geoffery Acloud Scott's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 112).

3)     The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts 5 and 6 of the Indictment (Dkt. 1) as to Defendant.

4)     The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release imposed in the Order Setting Conditions of Release.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 10, 2021

_____
CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE